## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DENSYS LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGN TECHNOLOGY INC.,<br><br>　　　　　Defendant. | Civil Action No. 25-768-GBW |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Densys Ltd.'s ("Plaintiff" or "Densys") Motion for Leave to Amend its Complaint ("Plaintiff's Motion") (D.I. 67), which has been fully briefed (D.I. 68; D.I. 70; D.I. 72). Defendant Align Technology Inc. ("Defendant" or "Align") opposes Plaintiff's Motion. *See* D.I. 70. For the following reasons, the Court denies Plaintiff's Motion without prejudice.

### I. BACKGROUND

Densys brought this action against Align on June 20, 2025, alleging that several of Align's intraoral scanners ("Accused Products") infringe U.S. Patent Nos. 6,402,707 ("'707 Patent") and 8,665,257 ("'257 Patent") (together, "Asserted Patents"). *See generally* D.I. 1. On August 29, 2025, Align filed a motion to dismiss for failure to state a claim, asserting that (1) the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101, (2) Densys failed to plausibly allege that the Accused Products contain "random patterns" or "memory" as recited in the claims of the '257 Patent, and (3) Densys failed to plausibly allege willful or induced infringement of the Asserted Patents. *See* D.I. 11. On May 29, 2026, the Court issued an Order denying Align's motion as to the subject matter patent eligibility of the Asserted Patents, and

granting Align's motion as to direct infringement of the '257 Patent and willful and indirect infringement of the Asserted Patents without prejudice. *See* D.I. 60; D.I. 59.

## II. LEGAL STANDARDS

"Federal Rule of Civil Procedure 15(a)(2) provides that a district court should 'freely give leave [to amend] when justice so requires.'" *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (alterations in original). "Despite this liberal standard, leave to amend may be denied when there is undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Id.* (quotation marks omitted); *see LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021). "Amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Talley*, 15 F.4th at 286 n.6 (quotation marks omitted). "When assessing futility, the [d]istrict [c]ourt applies the same standard of legal sufficiency as [it] applies under Rule 12(b)(6)." *Id.* (quotation marks omitted).

## III. DISCUSSION

The Court finds that Densys's proposed amendment of its Complaint would still fail to state a claim for direct infringement of the '257 Patent and, thus, be futile for the following reasons.

The Court dismissed Densys's direct infringement claim against Align regarding the '257 Patent because it found that Densys failed to plausibly allege that Align's products contain a "memory" as required by the claims of the '257 Patent. D.I. 59 at 25-26. Specifically, the Court noted that Align's Accused Products are "only capable of generating one shape of spots." D.I. 59 at 26. Thus, the Court was unable to infer that the diffractive optical elements ("DOEs") that Align uses in the Accused Products acted as a memory that could "generate (and thereby store) multiple patterns." *Id.*

Densys's proposed First Amended Complaint ("FAC") purports to cure this deficiency by pleading that "Align uses [a] 'memory' for storing random patterns because it uses up to 72

2

separate DOE [(diffractive optical elements)]—each capable of projecting a distinct pattern, which when overlapped create the claimed random patterns." D.I. 68 at 1. These separate DOEs are referred to as "sub-DOE patches." *Id.*

Align's response is threefold. *First*, "each sub-DOE projects a single pattern across distinct, non-overlapping regions; they do not project or cause overlapping arrays." D.I. 70 at 2. *Second*, "[a]lthough a segmented DOE creates a different dot pattern than other DOEs, it is still a permanent lens that does not meet the memory requirement of the '257 Patent claims." *Id. Third*, "even if segmented DOEs projected overlapping patterns, the DOEs themselves do not 'store' in memory the overlapping patterns." *Id.* at 3.

The Court agrees with Align that Densys's FAC still fails to plausibly allege that the Accused Products contain a "memory." Densys's FAC plausibly alleges that Align's products can *generate* multiple patterns via the "pattern generating optical element" or "segmented DOE." D.I. 68 at 3 (describing sub-DOE patches arranged in an array). However, while generating multiple patterns might be a necessary capability of a "memory," it does not automatically mean that DOEs *store* those patterns. For example, Densys points to a photographic slide as an exemplary "memory." D.I. 72 at 1. With respect to a photographic slide, the '257 Patent specification details that "two-dimensional random patterns are generated . . . and **are saved for use** in structured illumination in a two-dimensional array." '257 Patent at 9:39-42 (emphasis added). The array "may be saved utilizing photographic storage, such as in a slide which is suitable for projecting the array onto a surface." *Id.* at 9:42-44. Thus, the photographic slide acts as a memory not simply because it generates random patterns, but because **the slide acts as a storage medium by saving those patterns.**

The shortcoming in Densys's original Complaint, which still persists in its FAC, is that Densys has not plausibly alleged that the DOEs in the Accused Products are capable of storing random patterns like, for example, the exemplary photographic slide is. Specifically, Densys has not plausibly alleged that a DOE possesses any capability beyond generating and projecting patterns by transmitting and diffracting light through the DOE. *See* U.S. Patent No. 11,563,929 ("'929 Patent") at 62:63-67 ("[A] pattern generating optical element is a diffractive optical element that generates distribution of discrete unconnected spots of light when laser diode transmits light through DOE onto object." (cleaned up)). Since Densys has not plausibly alleged that DOEs function by **storing** random patterns, the Court cannot infer that the existence of sub-DOE patches, which are merely smaller patches of DOEs encompassed within a larger segmented DOE, cures the memory element deficiency. In other words, Densys has not plausibly alleged that a sub-DOE has any functional difference from the DOE in terms of memory storage which stores random patterns, especially when the Court already found – based on the allegations in the original complaint - that a DOE does not meet the claimed "memory" element.

For these reasons, the Court finds that the proposed amendment would be futile, because Densys has not cured the memory element deficiency in its purported claim of direct infringement of the '257 Patent against Align. *See Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 108 (3d Cir. 2002) (stating that allowing leave to amend is unnecessary if amendment would be futile). Since the Court finds that Densys's proposed amendment of its Complaint would be futile, the Court need not assess the other factors that it must consider when evaluating a motion for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Leave to Amend its Complaint without prejudice.

WHEREFORE, at Wilmington this 17th day of July 2026, **IT IS HEREBY ORDERED** that Plaintiff Densys Ltd.'s Motion for Leave to Amend its Complaint (D.I. 67) is **DENIED** without prejudice.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE